UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Untied States of America,

    Plaintiff,

v.

Daniel Keror,

    Defendant.
                                /

Case No. 09-20245

Honorable Nancy G. Edmunds

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF TERM OF IMPRISONMENT [76]

This matter came before the Court on Defendant Daniel Keror's motion for reduction of term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. 76.)

On June 4, 2009, the grand jury indicted Defendant Daniel Keror with violations of 21 U.S.C. 846, 841(a)(1), conspiracy to possess with intent to distribute and distribute a controlled substance, and 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance. (Dkt. 21.) The controlled substance indicated in the indictment was ecstasy. (*Id.*)

On October 21, 2009, Defendant pleaded guilty to both charges against him. On April 27, 2010, the Court sentenced Defendant to 97 months. (Dkt. 69.)

On March 21, 2014, Defendant filed this motion. (Dkt. 76.) Defendant argues that the authority he points to entitles his to a reduction in his sentence.

Because the Court finds that Defendant is not entitled to the relief that he requests, for the authority he points to applies solely to crack cocaine, and not ecstasy, for which Defendant was indicted, the Court DENIES Defendant's motion.

Defendant argues that 18 U.S.C. § 3582(c)(2), United States Sentencing Guideline 1B1.10, and the Sentencing Guideline Amendments 750 and 759 should persuade the Court to reduce Defendant's sentence. But, as the Government points out, that authority applies solely to crack cocaine offenses. (Dkt. 80.) Defendant has not submitted any authority that the Sentencing Commission has intended to reduce any sentences for ecstacy-related offenses.

18 U.S.C. § 3582(c)(2) provides that a court may reduce a defendant's term of imprisonment when the Sentencing Commission has lowered the sentencing range on which a court based the sentence.

United States Sentencing Guideline § 1B1.10 also provides the means by which a court may reduce a sentence if a guideline range applicable to the defendant has been lowered. U.S.S.G. § 1B1.10 Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement).[1] But "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and is therefore not authorized under 18 U.S.C. § 3582(c)(2) if–(A) none of the amendments listed in subsection (c) is applicable to the defendant[.]" U.S.S.G. § 1B1.10(a)(2). Subsection (c) lists the covered amendments, which includes Amendment 750. U.S.S.G. § 1B1.10(c).

Amendment 750 implemented statutory directives to the Sentencing Commission to reduce the penalties for cocaine base offenses, eliminated the statutory mandatory

---

[1] "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1).

minimum sentence for simple possession of crack cocaine, and required the Sentencing Commission to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.[2]  U.S. Sentencing Guidelines Manual app. C (2013).  Amendment 759, which Defendant also states entitles him to an imprisonment reduction, amends various parts of § 1B1.10.  *Id.*  The Court has reviewed this amendment and finds that it does not substantively affect Defendant's rights or sentence.

Given that Defendant has not provided authority, nor has the Court independently found any authority, that shows that Defendant is entitled to an imprisonment reduction for his ecstasy-related sentence, the Court DENIES Defendant's motion for reduction.

So ordered.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  April 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2014, by electronic and/or ordinary mail.

> s/Carol J. Bethel
> Case Manager

---

[2] *See also United States v. Dennison*, 538 F. App'x 226, 226-27 (3d Cir. 2013) (noting that Amendment 750 to the United States Sentencing Guidelines, effective November 1, 2011, lowered base offense levels application to offenses involving crack cocaine.).